**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SYMANTEC CORPORATION,<br><br>Defendant. | Civil Action No. 2:16-cv-01056-JRG |

**DEFENDANT SYMANTEC CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Symantec Corporation ("Symantec") answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Marking Object Virtualization Intelligence, LLC ("MOVI") as follows. Any allegation not specifically admitted in this Answer is denied.

## INTRODUCTION

1. Symantec denies that any of its products infringe any MOVI patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore denies them.

## THE PARTIES

3. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 3, and therefore denies them.

4. Symantec lacks information sufficient to form a belief about the truth of the

allegations in paragraph 4, and therefore denies them.

5. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 5, and therefore denies them.

6. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore denies them.

7. Symantec admits that it is a corporation registered in the State of Delaware. Symantec denies that its headquarters are at 20330 Stevens Creek Blvd., Cupertino, CA 95014. Symantec admits that it was served with process through Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-2181.

**JURISDICTION AND VENUE**

8. Symantec admits that the Complaint purports to state a cause of action under the patent laws of the United States and that this Court has subject-matter jurisdiction over such actions under 28 U.S.C. §§ 1331 and 1338(a). Symantec denies the remaining allegations of paragraph 8.

9. Symantec does not contest personal jurisdiction in this action. Symantec admits that it is registered with the Texas Secretary of State and conducts business in Texas. Symantec denies the remaining allegations of paragraph 9.

10. Symantec denies that the Eastern District of Texas is the proper venue for litigating Plaintiff's claims against it. Symantec reserves the right to request transfer to a more convenient forum. Symantec admits that it is registered to do business in Texas and that it has transacted business in the Eastern District of Texas, but denies that it has committed any acts that constitute infringement or that otherwise give rise to this action. Symantec denies the remaining allegations of paragraph 10.

11. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore denies them.

12. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies them.

13. Symantec denies that it has committed any acts that constitute infringement or that otherwise give rise to this action. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, and therefore denies them.

## THE ASSERTED PATENTS

### I. U.S. PATENT NO. 6,802,006

14. Symantec admits that Exhibit A purports to be a copy of U.S. Patent No. 6,802,006 ("the '006 patent"), which, on its face, bears the title "System and Method of Verifying the Authenticity of Dynamically Connectable Executable Images" and lists a filing date of July 22, 1999. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 14, and therefore denies them.

15. Symantec admits that the '006 patent appears in the "References Cited" section of U.S. Patent No. 8,881,287, which it owns. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 15, and therefore denies them.

16. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them.

### II. U.S. PATENT NO. 7,650,504

17. Symantec admits that Exhibit B purports to be a copy of U.S. Patent No. 7,650,504 ("the '504 patent"), which, on its face, bears the title "System and Method of Verifying the Authenticity of Dynamically Connectable Executable Images," a filing date of August 23, 2004, and refers to a prior application filed on July 22, 1999. Symantec lacks

information sufficient to form a belief about the truth of the remaining allegations in paragraph 17, and therefore denies them.

18. Symantec admits that the ’504 patent appears in the “References Cited” of U.S. Patent No. 8,881,287, which it owns. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 18, and therefore denies them.

19. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies them.

## III. U.S. PATENT NO. 7,650,418

20. Symantec admits that Exhibit C purports to be a copy of U.S. Patent No. 7,650,418 (“the ’418 patent”), which, on its face, bears the title “System and Method for Controlling the Usage of Digital Objects,” a filing date of August 26, 2004, and lists an application filed on December 8, 1998. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 20, and therefore denies them.

21. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies them.

22. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies them.

## IV. U.S. PATENT NO. 7,124,114

23. Symantec admits that Exhibit D purports to be a copy of U.S. Patent No. 7,124,114 (“the ’114 patent”), which, on its face, bears the title “Method and Apparatus for Determining Digital A/V Content Distribution Terms Based on Detected Piracy Levels” and a filing date of November 9, 2000. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 23, and therefore denies them.

24. Symantec lacks information sufficient to form a belief about the truth of the

allegations in paragraph 24, and therefore denies them.

25. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies them.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,802,006**

26. In response to paragraph 26, Symantec incorporates by reference its responses to paragraphs 1–25 as if fully restated herein.

27. Symantec denies that its products or services include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 27, and therefore denies them.

28. Symantec admits that it makes and sells Symantec Ghost Solution Suite and that Ghost Solution Suite has had versions 3.1, 3.0, and 2.5.

29. Symantec admits that some of its customers use or have used the accused versions of Ghost Solution Suite in their business operations. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 29, and therefore denies them.

30. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 30, and therefore denies them.

31. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 31, and therefore denies them.

32. Symantec admits that its Ghost Solution Suite products are or have been available throughout the United States. Symantec denies the remaining allegations of paragraph 32.

33. Symantec admits that its Ghost Solution Suite products are or have been available throughout the United States, including in Texas. Symantec denies the remaining allegations of paragraph 33.

34. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 34, and therefore denies them.

35. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 35, and therefore denies them.

36. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 36, and therefore denies them.

37. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 37, and therefore denies them.

38. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 38, and therefore denies them.

39. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 39, and therefore denies them.

40. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the

remaining allegations in paragraph 40, and therefore denies them.

41. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 41, and therefore denies them.

42. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 42, and therefore denies them.

43. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 43, and therefore denies them.

44. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 44, and therefore denies them.

45. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 45, and therefore denies them.

46. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 46, and therefore denies them.

47. Symantec denies the allegations of paragraph 47.

48. Symantec denies the allegations of paragraph 48.

49. Symantec denies the allegations of paragraph 49.

50. Symantec admits that the ’006 patent was cited by the examiner during

prosecution of U.S. Patent No. 8,881,287, which it owns. Symantec admits that it had knowledge of the ’006 patent upon service of the Complaint. Symantec denies that it infringes the ’006 patent. Symantec denies the remaining allegations of paragraph 50.

51. Symantec denies the allegations of paragraph 51.

52. Symantec denies that it infringes the ’006 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 52, and therefore denies them.

53. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 53, and therefore denies them.

54. Symantec denies the allegations of paragraph 54.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,650,504**

55. In response to paragraph 55, Symantec incorporates by reference its responses to paragraphs 1–54 as if fully restated herein.

56. Symantec denies that its products or services include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 56, and therefore denies them.

57. Symantec admits that it makes and sells Symantec Ghost Solution Suite and that Ghost Solution Suite has had versions 3.1, 3.0, and 2.5.

58. Symantec admits that some of its customers use or have used the accused versions of Ghost Solution Suite in their business operations. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 58, and therefore denies them.

59. Symantec denies that its Ghost Solution Suite products include what is claimed in

the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 59, and therefore denies them.

60. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 60, and therefore denies them.

61. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 61, and therefore denies them.

62. Symantec admits that its Ghost Solution Suite products are or have been available throughout the United States. Symantec denies the remaining allegations of paragraph 62.

63. Symantec admits that its Ghost Solution Suite products are or have been available throughout the United States, including in Texas. Symantec denies the remaining allegations of paragraph 63.

64. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 64, and therefore denies them.

65. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 65, and therefore denies them.

66. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 66, and therefore denies them.

67. Symantec denies that its Ghost Solution Suite products include what is claimed in

the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 67, and therefore denies them.

68. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 68, and therefore denies them.

69. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 69, and therefore denies them.

70. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 70, and therefore denies them.

71. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 71, and therefore denies them.

72. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 72, and therefore denies them.

73. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 73, and therefore denies them.

74. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 74, and therefore denies them.

75. Symantec denies that its Ghost Solution Suite products include what is claimed in the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 75, and therefore denies them.

76. Symantec denies the allegations of paragraph 76.

77. Symantec denies the allegations of paragraph 77.

78. Symantec denies the allegations of paragraph 78.

79. Symantec admits that the ’504 patent was cited by the examiner during prosecution of U.S. Patent No. 8,881,287, which it owns. Symantec admits that it had knowledge of the ’504 patent upon service of the Complaint. Symantec denies that it infringes the ’504 patent. Symantec denies the remaining allegations of paragraph 79.

80. Symantec denies the allegations of paragraph 80.

81. Symantec denies that it infringes the ’504 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 81, and therefore denies them.

82. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 82, and therefore denies them.

83. Symantec denies the allegations of paragraph 83.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 7,650,418**

84. In response to paragraph 84, Symantec incorporates by reference its responses to paragraphs 1–83 as if fully restated herein.

85. Symantec denies that its products or services include what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 85, and therefore denies them.

86. Symantec admits that it sells Symantec CloudSOC.

87. Symantec admits that some of its customers use or have used Symantec CloudSOC in their business operations. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 87, and therefore denies them.

88. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 88, and therefore denies them.

89. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 89, and therefore denies them.

90. Symantec admits that the CloudSOC product is or has been available throughout the United States. Symantec denies the remaining allegations of paragraph 90.

91. Symantec admits that the CloudSOC product is or has been available throughout the United States, including in Texas. Symantec denies the remaining allegations of paragraph 91.

92. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 92, and therefore denies them.

93. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 93, and therefore denies them.

94. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining

allegations in paragraph 94, and therefore denies them.

95. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 95, and therefore denies them.

96. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 96, and therefore denies them.

97. Symantec denies that the CloudSOC product includes what is claimed in the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 97, and therefore denies them.

98. Symantec denies the allegations of paragraph 98.

99. Symantec denies the allegations of paragraph 99.

100. Symantec denies the allegations of paragraph 100.

101. Symantec admits that it had knowledge of the ’418 patent upon service of the Complaint. Symantec denies that it infringes the ’418 patent. Symantec denies the remaining allegations of paragraph 101.

102. Symantec denies the allegations of paragraph 102.

103. Symantec denies that it infringes the ’418 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 103, and therefore denies them.

104. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 104, and therefore denies them.

105. Symantec denies the allegations of paragraph 105.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 7,127,114**

106. In response to paragraph 106, Symantec incorporates by reference its responses to paragraphs 1–105 as if fully restated herein.

107. Symantec denies that its products or services include what is claimed in the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 107, and therefore denies them.

108. Symantec admits that it makes and sells Symantec Endpoint Protection and that Endpoint Protection has had versions 12.1.1, 12.1.2, 12.1.3, 12.1.4, 12.1.5, 12.1.6, and Symantec Endpoint Protection Cloud.

109. Symantec admits that some of its customers use or have used the accused versions of Endpoint Protection in their business operations. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 109, and therefore denies them.

110. Symantec denies that its Endpoint Protection products include what is claimed in the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 110, and therefore denies them.

111. Symantec denies that its Endpoint Protection products include what is claimed in the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 111, and therefore denies them.

112. Symantec admits that its Endpoint Protection products are or have been available throughout the United States. Symantec denies the remaining allegations of paragraph 112.

113. Symantec admits that its Endpoint Protection products are or have been available throughout the United States, including in Texas. Symantec denies the remaining allegations of

paragraph 113.

114. Symantec denies that its Endpoint Protection products include what is claimed in the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 114, and therefore denies them.

115. Symantec denies that its Endpoint Protection products include what is claimed in the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 115, and therefore denies them.

116. Symantec denies that its Endpoint Protection products include what is claimed in the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 116, and therefore denies them.

117. Symantec denies the allegations of paragraph 117.

118. Symantec denies the allegations of paragraph 118.

119. Symantec denies the allegations of paragraph 119.

120. Symantec admits that it had knowledge of the ’114 patent upon service of the Complaint. Symantec denies that it infringes the ’114 patent. Symantec denies the remaining allegations of paragraph 120.

121. Symantec denies the allegations of paragraph 121.

122. Symantec denies that it infringes the ’114 patent. Symantec lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 122, and therefore denies them.

123. Symantec lacks information sufficient to form a belief about the truth of the allegations in paragraph 123, and therefore denies them.

124. Symantec denies the allegations of paragraph 124.

## RESPONSE TO MOVI'S PRAYER FOR RELIEF

Symantec denies that MOVI is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Symantec avers as follows:

### FIRST DEFENSE
### FAILURE TO STATE A CLAIM

The Complaint, and each and every purported claim for relief therein, fails to state a claim for relief against Symantec.

### SECOND DEFENSE
### NON-INFRINGEMENT

Symantec has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, the ’006 patent.

Symantec has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, the ’504 patent.

Symantec has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, the ’418 patent.

Symantec has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, the ’114 patent.

### THIRD DEFENSE
### INVALIDITY

The ’006 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as the judicial doctrine of double-patenting. For example, Symantec's Ghost Solution Suite product is based on a software product that was developed and marketed in or

before 1998. Code signing was well known in the art at the time that the application for the ’006 patent was filed. References include Microsoft’s U.S. Patent No 5,892,904, filed in 1996, Microsoft’s Authenticode initiative, which was announced in 1996, and papers such as “Dynamic Linking of Software Components.”

The ’504 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as the judicial doctrine of double-patenting. For example, Symantec’s Ghost Solution Suite product is based on a software product that was developed and marketed in or before 1998. Code signing was well known in the art at the time that the application for the ’504 patent was filed. References include Microsoft’s U.S. Patent No 5,892,904, filed in 1996, Microsoft’s Authenticode initiative, which was announced in 1996, and papers such as “Dynamic Linking of Software Components.”

The ’418 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as the judicial doctrine of double-patenting. The use of digital data objects in hardware and software components in order to extend the functionality of applications was well known in the art at the time of the application for the ’418 patent was filed. References include CORBA, the Sun Java Bean Architecture, and papers such as “An Overview of KQML: A Knowledge Query and Manipulation Language,” published in 1992, and “Dynamically Extensible Objects in a Class-Based Language,” published in 1996.

The ’114 patent is invalid for failure to meet one or more of the conditions for

patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as the judicial doctrine of double-patenting. For example, the alleged invention of the ’114 patent describes a long-standing business practice, i.e., a method of limiting access to products or services supplied by a business based on evidence of past bad behavior. Additionally, digital rights management was well known in the art at the time of the application for the ’114 patent. References include U.S. Patent No. 5, 490, 216, as well as U.S. Patent No. 6,567,793.

**FOURTH DEFENSE**
**LIMITATION ON DAMAGES**

MOVI’s claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286–287.

**FIFTH DEFENSE**
**PROSECUTION-HISTORY ESTOPPEL**

Because of the statements and representations made and the prior art cited by and to the Patent and Trademark Office during the prosecution of the applications for the ’006, ’504, ’418, and ’114 patents, those patents are so limited that none of the claims can be construed as covering any of the accused products or activities.

**SIXTH DEFENSE**
**WAIVER, LACHES, OR ESTOPPEL**

MOVI is barred or limited from recovering damages from Symantec, in whole or in part, under principles of equity including waiver, laches, or estoppel.

**SEVENTH DEFENSE**
**WILLFULNESS**

Even if Symantec is found to infringe, MOVI is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging that Symantec acted in an egregiously culpable manner.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Symantec reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## SYMANTEC'S COUNTERCLAIMS AGAINST MOVI

In addition to its affirmative defenses, Symantec further asserts the following counterclaims against MOVI.

## THE PARTIES

1. Symantec Corporation is a Delaware corporation with its principal place of business at 350 Ellis Street, Mountain View, CA 94043.

2. On information and belief, Marking Object Virtualization Intelligence, LLC ("MOVI") is a Texas limited liability company with its principal place of business located at 903 East 18th Street, Suite 217, Plano, Texas 75074.

## JURISDICTION AND VENUE

3. Symantec brings counterclaims against MOVI under Federal Rule of Civil Procedure 13; the patent laws of the United States, Title 35 of the United States Code; and the laws authorizing actions for a declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5. This Court has jurisdiction over MOVI at least by virtue of MOVI's filing suit in this Court.

6. To the extent venue in this District is proper for MOVI's underlying patent action, venue for Symantec's counterclaims is also proper in this District.

7. An actual controversy exists between Symantec and MOVI by virtue of the

allegations of MOVI's Complaint in this action and Symantec's Answer—*i.e.*, a controversy as to whether the patents-in-suit are invalid and not infringed by Symantec's products and services.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '006 PATENT**

8. Paragraphs 1–7 of Symantec's counterclaims are incorporated by reference, as if fully restated herein.

9. MOVI asserts in this action that Symantec infringes the '006 patent.

10. Symantec has not infringed, does not infringe, and is not liable as an infringer of any claim of the '006 patent, either literally or under the doctrine of equivalents, or in any other manner.

11. Accordingly, Symantec seeks a judgment declaring that it has not infringed and does not infringe, directly or indirectly, contributorily or by inducement, any claim of the '006 patent, either literally or under the doctrine of equivalents, or in any other manner.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '504 PATENT**

12. Paragraphs 1–11 of Symantec's counterclaims are incorporated by reference, as if fully restated herein.

13. MOVI asserts in this action that Symantec infringes the '504 patent.

14. Symantec has not infringed, does not infringe, and is not liable as an infringer of any claim of the '504 patent, either literally or under the doctrine of equivalents, or in any other manner.

15. Accordingly, Symantec seeks a judgment declaring that it has not infringed and does not infringe, directly or indirectly, contributorily or by inducement, any claim of the '504 patent, either literally or under the doctrine of equivalents, or in any other manner.

**THIRD COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’418 PATENT**

16. Paragraphs 1–15 of Symantec’s counterclaims are incorporated by reference, as if fully restated herein.

17. MOVI asserts in this action that Symantec infringes the ’418 patent.

18. Symantec has not infringed, does not infringe, and is not liable as an infringer of any claim of the ’418 patent, either literally or under the doctrine of equivalents, or in any other manner.

19. Accordingly, Symantec seeks a judgment declaring that it has not infringed and does not infringe, directly or indirectly, contributorily or by inducement, any claim of the ’418 patent, either literally or under the doctrine of equivalents, or in any other manner.

**FOURTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’114 PATENT**

20. Paragraphs 1–19 of Symantec’s counterclaims are incorporated by reference, as if fully restated herein.

21. MOVI asserts in this action that Symantec infringes the ’114 patent.

22. Symantec has not infringed, does not infringe, and is not liable as an infringer of any claim of the ’114 patent, either literally or under the doctrine of equivalents, or in any other manner.

23. Accordingly, Symantec seeks a judgment declaring that it has not infringed and does not infringe, directly or indirectly, contributorily or by inducement, any claim of the ’114 patent, either literally or under the doctrine of equivalents, or in any other manner.

**FIFTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’006 PATENT**

24. Paragraphs 1–23 of Symantec’s counterclaims are incorporated by reference, as if

fully restated herein.

25. MOVI asserts in this action that Symantec infringes the ’006 patent.

26. The ’006 patent is invalid for failure to meet one or more the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and 112, as well as the judicial doctrine of double-patenting. For example, Symantec’s Ghost Solution Suite product is based on a software product that was developed and marketed in or before 1998. Code signing was well known in the art at the time that the application for the ’006 patent was filed. References include Microsoft’s U.S. Patent No 5,892,904, filed in 1996, Microsoft’s Authenticode initiative, which was announced in 1996, and papers such as “Dynamic Linking of Software Components.”

27. Accordingly, Symantec seeks a judgment declaring that the ’006 patent is invalid.

**SIXTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’504 PATENT**

28. Paragraphs 1–27 of Symantec’s counterclaims are incorporated by reference, as if fully restated herein.

29. MOVI asserts in this action that Symantec infringes the ’504 patent.

30. The ’504 patent is invalid for failure to meet one or more the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and 112, as well as the judicial doctrine of double-patenting. For example, Symantec’s Ghost Solution Suite product is based on a software product that was developed and marketed in or before 1998. Code signing was well known in the art at the time that the application for the ’504 patent was filed. References include Microsoft’s U.S. Patent No 5,892,904, filed in 1996, Microsoft’s

Authenticode initiative, which was announced in 1996, and papers such as "Dynamic Linking of Software Components."

31. Accordingly, Symantec seeks a judgment declaring that the '504 patent is invalid.

**SEVENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '418 PATENT**

32. Paragraphs 1–31 of Symantec's counterclaims are incorporated by reference, as if fully restated herein.

33. MOVI asserts in this action that Symantec infringes the '418 patent.

34. The '418 patent is invalid for failure to meet one or more the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto, including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and 112, as well as the judicial doctrine of double-patenting. The use of digital data objects in hardware and software components in order to extend the functionality of applications was well known in the art at the time of the application for the '418 patent was filed. References include CORBA, the Sun Java Bean Architecture, and papers such as "An Overview of KQML: A Knowledge Query and Manipulation Language," published in 1992, and "Dynamically Extensible Objects in a Class-Based Language," published in 1996.

35. Accordingly, Symantec seeks a judgment declaring that the '418 patent is invalid.

**EIGHTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '114 PATENT**

36. Paragraphs 1–35 of Symantec's counterclaims are incorporated by reference, as if fully restated herein.

37. MOVI asserts in this action that Symantec infringes the '114 patent.

38. The '114 patent is invalid for failure to meet one or more the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto,

including, without limitation, the conditions in 35 U.S.C. §§ 101, 102, 103, and 112, as well as the judicial doctrine of double-patenting. For example, the alleged invention of the ’114 patent describes a long-standing business practice, i.e., a method of limiting access to products or services supplied by a business based on evidence of past bad behavior. Additionally, digital rights management was well known in the art at the time of the application for the ’114 patent. References include U.S. Patent No. 5, 490, 216, as well as U.S. Patent No. 6,567,793.

39. Accordingly, Symantec seeks a judgment declaring that the ’114 patent is invalid.

**PRAYER FOR RELIEF**

Symantec requests that this Court enter a judgment in its favor and against MOVI as follows:

(a) Dismissal of MOVI’s claims for patent infringement with prejudice;

(b) Denial of all remedies and relief sought by MOVI in its Complaint;

(c) Declaration that Symantec does not infringe the ’006, ’504, ’418, and ’114 patents;

(d) Declaration that the ’006, ’504, ’418, and ’114 patents are invalid;

(e) Permanent injunction preventing MOVI, including its officers, agents, employees, and all persons acting in concert or participation with it, from charging that any claim of the patents-in-suit is infringed by Symantec or its customers;

(f) Award of damages to Symantec in an amount to be determined at trial;

(g) Declaration that this case is exceptional, entitling Symantec to its reasonable attorney’s fees under 35 U.S.C. § 285, and an award of such fees;

(h) Award of costs to Symantec; and

(i) Award to Symantec of such other relief as the Court deems just and reasonable.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Symantec respectfully requests a jury trial on all issues so triable, including, without limitation, MOVI's claims and Symantec's affirmative defenses and counterclaims.

Dated: November 21, 2016

Respectfully submitted,

*/s/ Michael J. Sacksteder* /

Michael J. Sacksteder, CSB No. 191605
(Admitted E.D. Tex.)
msacksteder@fenwick.com
Lauren E. Whittemore, CSB No. 255432
(Admitted E.D. Tex.)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, Ste. 1200
San Francisco, CA 94104
Tel: 415-875-2300
Fax: 415-281-1350

Darren E. Donnelly, CSB No. 194335
(Admitted E.D. Tex.)
ddonnelly@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Fax: 650-938-5200

ATTORNEYS FOR DEFENDANT
SYMANTEC CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 21, 2016. Any other counsel or record will be served by First Class U.S. Mail on this same date.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder, CSB No. 191605
(Admitted E.D. Tex.)