**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**SYMANTEC CORPORATION,**<br><br>***Defendants.*** | **CASE NO. 2:16-cv-1056-JRG**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANT SYMANTEC CORPORATION**

Plaintiff Marking Object Virtualization Intelligence, LLC ("MOV Intelligence"), by and through its undersigned counsel, hereby submits its Answer to the Counterclaims of Defendant Symantec Corporation ("Symantec"), in numbered paragraph order corresponding to the numbered paragraphs of Symantec's counterclaims against MOV Intelligence (the "Counterclaims").

**THE PARTIES**

1. Upon information and belief and according to its Counterclaims, Symantec Corporation is a Delaware corporation with its principal place of business at 350 Ellis Street, Mountain View, CA 94043.

2. Admitted.

**JURISDICTION AND VENUE**

3. MOV Intelligence admits that Symantec has filed counterclaims against

MOV Intelligence pursuant to the Patent Laws of the United States, Title 35 of the United States Code and Federal Rule of Civil Procedure 13, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202; however, MOV Intelligence denies that Symantec is entitled to any relief sought.

4. MOV Intelligence admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202; however, MOV Intelligence denies that Symantec is entitled to any relief sought.

5. Admitted.

6. Admitted.

7. Admitted.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '006 Patent)**

8. MOV Intelligence incorporates its responses to paragraphs 1-7 as if fully set forth herein.

9. Admitted.

10. Denied.

11. MOV Intelligence admits that Symantec seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '006 patent, either literally or under the doctrine of equivalents, or in any other matter, but MOV Intelligence denies that Symantec is entitled to any such relief.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '504 Patent)**

12. MOV Intelligence incorporates its responses to paragraphs 1-11 as if fully set forth herein.

13. Admitted.

14. Denied.

15. MOV Intelligence admits that Symantec seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the ‘504 patent, either literally or under the doctrine of equivalents, or in any other matter, but MOV Intelligence denies that Symantec is entitled to any such relief.

## THIRD COUNTERCLAIM

**(Declaratory Judgement of Non-Infringement of the ‘418 Patent)**

16. MOV Intelligence incorporates its responses to paragraphs 1-15 as if fully set forth herein.

17. Admitted.

18. Denied.

19. MOV Intelligence admits that Symantec seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the ‘418 patent, either literally or under the doctrine of equivalents, or in any other matter, but MOV Intelligence denies that Symantec is entitled to any such relief.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the ‘114 Patent)**

20. MOV Intelligence incorporates its responses to paragraphs 1-19 as if fully set forth herein.

21. Admitted.

22. Denied.

23. MOV Intelligence admits that Symantec seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '114 patent, either literally or under the doctrine of equivalents, or in any other matter, but MOV Intelligence denies that Symantec is entitled to any such relief.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '006 Patent)**

24. MOV Intelligence incorporates its responses to paragraphs 1-23 as if fully set forth herein.

25. Admitted.

26. Denied.

27. MOV Intelligence admits that Symantec seeks a judgment declaring that the '006 patent is invalid, but MOV Intelligence denies that Symantec is entitled to any such relief.

**SIXTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '504 Patent)**

28. MOV Intelligence incorporates its responses to paragraphs 1-27 as if fully set forth herein.

29. Admitted.

30. Denied.

31. MOV Intelligence admits that Symantec seeks a judgment declaring that the '504 patent is invalid, but MOV Intelligence denies that Symantec is entitled to any such relief.

**SEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ‘418 Patent)**

32. MOV Intelligence incorporates its responses to paragraphs 1-31 as if fully set forth herein.

33. Admitted.

34. Denied.

35. MOV Intelligence admits that Symantec seeks a judgment declaring that the ‘418 patent is invalid, but MOV Intelligence denies that Symantec is entitled to any such relief.

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ‘114 Patent)**

36. MOV Intelligence incorporates its responses to paragraphs 1-35 as if fully set forth herein.

37. Admitted.

38. Denied.

39. MOV Intelligence admits that Symantec seeks a judgment declaring that the ‘114 patent is invalid, but MOV Intelligence denies that Symantec is entitled to any such relief.

**GENERAL DENIAL**

MOV Intelligence denies that Symantec is entitled to judgment, or any such other relief, from the Court or from MOV Intelligence. By way of further answer, MOV Intelligence denies all other allegations contained in the Counterclaims that are not otherwise expressly admitted herein.

**DEMAND FOR JURY TRIAL**

MOV Intelligence demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, MOV Intelligence prays that this Court will:

A. Dismiss Symantec's counterclaims against MOV Intelligence with prejudice;

B. Hold that Symantec is not entitled to any relief, whether in law, equity, or otherwise, on its counterclaims against MOV Intelligence;

C. Declare that Symantec has infringed and does infringe one or more claims of the '006 Patent, the '504 Patent, the '418 Patent, and the '114 Patent;

D. Declare that the claims of the '006 Patent, the '504 Patent, the '418 Patent, and the '114 Patent are valid and enforceable;

E. Award MOV Intelligence any other relief, in law and in equity, to which the Court finds MOV Intelligence is justly entitled.

Dated: December 12, 2016

Respectfully submitted,

/s/ Dorian S. Berger ___________
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Attorneys for Marking Object Virtualization Intelligence, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF on this 12th day of December, 2016.

/s/ Dorian S. Berger
Dorian S. Berger